UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY BREIDING, | ) | CASE NO. 5:15-cv-1546 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| PPG INDUSTRIES, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On September 25, 2015, without being directed to do so, plaintiff Jeffrey Breiding, defendant PPG Industries, Inc., and defendant PPG Industries Ohio, Inc. jointly filed a Report of Parties' Planning Meeting. (Doc No. 10.) This report is typically filed at the Court's direction after the Case Management Conference (CMC) has been scheduled.

In this case, the CMC has not been scheduled because there is a third defendant, Ohio Bureau of Workers' Compensation (OBWC), that has not yet appeared in this Court. There is no indication on this Court's docket that OBWC has been served, although the docket of the Summit County Court of Common Pleas (from which the case was removed)[1] shows that OBWC was served on July 9, 2015,[2] and that it filed its answer in state court on August 12, 2015, five days after the other two defendants filed their notice of filing notice of removal, which itself was served on OBWC.[3]

---

[1] Federal courts may take judicial notice in related "'proceedings in other courts of record.'" *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n. 5 (6th Cir. 2005) (quoting *Rodic v. Thistledown Racing Club, Inc.*, 615 F.3d 736, 738 (6th Cir. 1980); Fed. R. Evid. 201).

[2] The complaint was filed in state court on July 2, 2015.

[3] The certificate of service shows that a hard copy of the notice of removal was served upon OBWC at its Law Department in Columbus, Ohio.

Under Fed. R. Civ. P. 81(c)(2), repleading is not required in a removed case; but "[a] defendant who did not answer before removal must answer or present other defenses or objections … within the longest of these periods: (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed." The two PPG defendants were served on July 8, 2015 and OBWC was served on July 9, 2015. The notice of removal was filed on August 6, 2015. None of the defendants have complied with Rule 81(c)(2).

Further complicating the matter is an affidavit attached to the notice of removal suggesting that OBWC has no statutory subrogation interest in this case since the employer was self-insured. Although the answer of OBWC filed in the state court confirms that fact,[4] the first amended complaint (FAC), filed post-removal (and on the same day OBWC filed its answer in the state court), nonetheless retains OBWC as a defendant and demands that OBWC "enter an appearance in this action and defend its subrogation interest." (Doc. No. 5 at 68.)[5]

Under Fed. R. Civ. P. 15(a)(1), a plaintiff is permitted to amend its pleading "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." In all other circumstances, a plaintiff needs either the consent of all defendants or leave of Court to amend. Fed. R. Civ. P. 15(a)(2). Plaintiff did not comply with Rule 15. That said, the two PPG

---

[4] The answer was filed on August 12, 2015, five days after the notice of removal was filed. The notice of removal filed in the state court contains a certificate of service upon plaintiff's counsel and the OBWC.

[5] All page number references are to the page identification number generated by the Court's electronic docketing system.

defendants have waived any procedural challenge to the FAC because they both filed answers on September 14, 2015. (Doc. Nos. 6 and 7.)

As to OBWC, despite the demands in the FAC directed to that defendant, there is no indication that plaintiff ever served the FAC on OBWC. The certificate of service on the FAC states that "[n]otice of filing will be performed by the Court's Electronic Filing System." (*Id.* at 69.) The notice of electronic filing (NEF), however, shows that only counsel for plaintiff and for PPG Industries, Inc. and PPG Industries Ohio, Inc. received the electronic filing.[6] As a result, plaintiff was required to serve the FAC on OBWC. *See* ELECTRONIC FILING POLICIES AND PROCEDURES MANUAL (July 20, 2015) § 14, pp. 5-6 (noting that "[i]t is the responsibility of the filing party to ensure that all other parties are properly served."). In addition, it appears from the file stamps on both the FAC filed in this Court and OBWC's answer filed in state court, that the answer was filed first. Therefore, it is questionable whether plaintiff was free to amend, at least as to OBWC, without leave.

In light of the above, the Court intends to dismiss OBWC, on its own motion pursuant to Fed. R. Civ. P. 21, unless plaintiff shows good cause in writing by noon on Friday, October 2, 2015 why OBWC should remain in the case.

**IT IS SO ORDERED**.

Dated: September 28, 2015

                                         **HONORABLE SARA LIOI**
                                         **UNITED STATES DISTRICT JUDGE**

---

[6] This is not surprising, since OBWC has still not appeared in the case in federal court.